UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00068 ERW |
| ) | |
| SCOTT MEYER, ) | |
| ) | |
| Defendant. ) | |

**TEMPORARY RESTRAINING ORDER**

This matter comes before the Court upon Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction filed with this Court on January 17, 2007. This case involves an effort by Plaintiff to prevent Defendant, a former Senior Portfolio Manager with Plaintiff's Private Client Group, from contacting or soliciting any current or former customers of U.S. Bank for whom Defendant performed services as an employee of U.S. Bank. A hearing on Plaintiff's request for temporary relief was held in this Court on January 23, 2007.

In determining whether a Temporary Restraining Order is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). Injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1065 (8th Cir. 1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114). The "[f]actors are not a rigid formula . . . . 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" Branstad v. Glickman, 118 F. Supp. 2d 925, 938 (N.D. Iowa 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). No one factor is dispositive of the request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh in towards granting the injunction." *Dataphase*, 640 F.2d at 113. *See also Brandstad*, 118 F. Supp. 2d at 938 (citing *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F. 3d 1466, 1472 (8th Cir. 1994)). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.*

      In this case, the Court finds that the *Dataphase* factors have been satisfied. The Court is convinced that Plaintiff will suffer irreparable harm in the loss of its customers, in the absence of the requested injunctive relief. The Court also believes that the harm to Defendant caused by the temporary relief will be minimal because the relief can be narrowly crafted so as to preserve the status quo.[1] The Court therefore concludes that the balance of interests weigh in favor of issuing a temporary restraining order.

---

[1] The Court notes that the "Confidentiality and Non-Solicitation Agreement" Defendant signed merely prohibits Defendant from soliciting certain U.S. Bank customers and from accepting business from any customer Defendant may have already wrongfully solicited. Defendant is free to pursue any other potential customers.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that upon receipt of the bond in the amount of **$5,000.00** the Court enters the following Temporary Restraining Order:

> Defendant Scott Meyer shall return all trade secret information, customer lists, or confidential information which he acquired while serving for U.S. Bank National Association in whatever capacity he served. Further, he shall certify that he has retained none of U.S. Bank's documents and that he has made no copies of documents which have been returned.
>
> Until a further hearing is held on this matter, Defendant Scott Meyer shall not contact or solicit any current or former customers of U.S. Bank for whom he performed services as an employee of U.S. Bank.

**IT IS FURTHER ORDERED** that a hearing on Plaintiffs' request for preliminary injunctive relief will be held in the United States District Court for the Eastern District of Missouri, Courtroom 12 South, on **January 30, 2007** at **9:00 a.m.** Counsel for all parties affected by this request for injunctive relief shall be present.

Dated this 23rd day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com